Commonwealth *v.* White, Appellant.

24

Argued December 5, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Jonathan Miller*, Assistant Defender, with him *Michael L. Levy*, Assistant Defender, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein*, Assistant District Attorney, with him *Maxine J. Stotland*, Assistant District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

In the instant appeal, we must decide the novel question of whether a defendant, who has been convicted in a municipal court proceeding, may relitigate a pretrial motion to suppress in a *de novo* trial at the common pleas court level.

Appellant, David O. White, was arrested in 1971, and charged with carrying a concealed deadly weapon. On September 9, 1971, appellant was tried before the

Honorable Charles L. GUERIN, Jr., sitting as a Judge of the Municipal Court of Philadelphia.[1] Prior to trial, a motion to suppress was denied, and on the basis of the production of the disputed 10-inch butcher knife and the testimony of Officer Brozoski of the Philadelphia Police Department. Pursuant to Sched. Art. 5, §16 of the Pa. Constitution,[2] the appellant took an appeal for a trial de novo to the Common Pleas Court of Philadelphia County, where his case was heard by the Honorable Curtis C. CARSON, Jr., sitting without a jury on May 2, 1972. After denying appellant's application for a relitigation of the motion to suppress, appellant was tried and convicted on the aforesaid charge. Judge CARSON thereafter imposed a suspended sentence.

Appellant's primary contention is that the denial of a rehearing on the motion to suppress was error and that the local rule of court on which the denial was based is unconstitutional.[3]

On February 29, 1972, the President Judges of the Common Pleas and Municipal Court of Philadelphia promulgated General Court Regulation No. 72-7, which provides:

"Motions to Suppress shall be heard on the same day and immediately prior to the Municipal Court trial. *The Judge hearing the motion to suppress will hear*

---

[1] The charge of carrying a concealed deadly weapon carries a maximum sentence of a one-year term of imprisonment or $500.00, or both. 18 P.S. §4416, as amended. As such, jurisdiction lies in the Municipal Court which hears "all criminal offenses . . . which are punishable by imprisonment for a term of not more than five years . . ." 17 P.S. §711.18.

[2] Sched. Art. 5, §16(r)(iii) provides, in part: "the defendant . . . shall have the right of appeal for trial de novo including the right to trial by jury to the trial division of the court of common pleas."

[3] Appellant also contends that he was subjected to an illegal "stop and frisk". Since we reverse on other grounds, the resolution of this issue need not be considered at this time.

*same as a Common Pleas Court Judge.* In the event such motion is denied and Defendant convicted, on appeal to the Common Pleas Court the motion may not be reinstated as part of the appeal." (Emphasis added).

Appellant contends that Reg. 72-7 contradicts and is repugnant to Pa. Const. Art. 5, Sched. §16(r)(iii) which mandates a trial de novo in the common pleas courts. Appellant argues that a trial de novo encompasses not only the actual trial by jury, if requested, but a rehearing of all pretrial motions decided in the Municipal Court.

The extensive "Comments" to Gen. Ct. Reg. No. 73-8[4] set forth the precedential basis for this local court regulation. Despite the language of the Pennsylvania Constitution, that a defendant may as a matter of right take an "appeal for trial de novo . . . to the trial division of the court of common pleas . . .", the President Judges determined that there was authority for the proposition that a suppression hearing is not part of a trial [citing *Jackson v. Denno,* 378 U.S. 368 (1964)], and therefore an appeal for a trial de novo does not require a rehearing on the pretrial motions determined in the Municipal Court. Although the Supreme Court in *Jackson* mandated that the admissibility of evidence be determined *independent* of trial, this is not to say

---

[4] At the time of appellant's trial, the only method available to the appellant for review of a Municipal Court determination was by way of an appeal for a trial de novo. Subsequent thereto, the current Gen. Ct. Reg. 73-8, reinstating the writ of certiorari as an alternative method of review, was promulgated, and further provided that: "[I]n the event a defendant is convicted after appeal and trial de novo in the Common Pleas Court a defendant may raise in an application for a Motion for a New Trial the admissibility of the evidence introduced at trial. If the evidence so challenged was the subject of an application to suppress heard prior to Municipal Court trial, the Court shall review the transcript and decision of the suppression hearing as part of the Common Pleas record."

that a suppression hearing does not concern or is not intricately bound into the trial process.

In a case involving the same issue, the Honorable Judge Herbert LEVIN, on behalf of the court en banc of the Common Pleas Court of Philadelphia County reviewing the case law in perspective to 72-7, stated: "Jackson v. Denno . . . required that motions to suppress evidence be heard outside the presence of the jury, lest the panel be prejudiced by the evidence presented at the suppression portion of the case. It was anticipated that this procedure would afford a defendant *greater* protection than he would receive were all aspects of his case heard by the same jury.

"The Commonwealth would denigrate the importance of this phase of a criminal proceeding and prohibit a de novo hearing of the suppression motion. We reject that approach as violative of the concept of trial de novo, which requires a rehearing ab initio."[5] *Commonwealth v. Rizzo,* Oct. Term 1972, No. 1064 (filed March 30, 1973).

The evidence introduced at trial is often the crucial if not the only basis for conviction. If a defendant is denied the right to challenge the admissibility of in-

---

[5] There is ample authority for the view that "de novo" means to consider "[a]new; afresh; a second time" a particular matter. Black's Law Dictionary (4th ed. rev. 1968) ; 22 C.J.S. §403(1). Our own Court has defined the scope of appeals de novo as entitling the parties "to a hearing upon such relevant and material evidence pertaining to the charge as they produce, and [while] the charge or cause of action remains the same, . . . the proceedings to determine the guilt or innocence of the defendant are de novo . . ." *Manorville v. Flenner,* 84 Pa. Superior Ct. 246, 248 (1924) ; *Commonwealth v. Benson,* 94 Pa. Superior Ct. 10, 14 (1928). As one appellate court has rightly held, ". . . appeals from a magistrate court to the district shall be determined by trial de novo. We consider this to mean 'anew' . . . *as if no trial whatever had been had in the court below." Southern Union Gas Co. v. Taylor,* 486 P. 2d 606 (N.M. 1971).

criminating evidence by his appeal for a trial de novo, there remains little worth in the "right of appeal" afforded the defendant.[6] Furthermore, since existing law permits an increase in sentence when a defendant appeals and obtains a trial de novo in the common pleas court following a conviction in Municipal Court,[7] the need is even greater to allow the defendant, who exercises his constitutional "right of appeal", to have the full benefit of a *trial de novo*. We hold that a defendant is entitled to a relitigation of a suppression motion when he appeals from a Municipal Court conviction to the Common Pleas Court. Because we believe that Gen. Ct. Reg. No. 72-7 is in conflict with our Constitution, it must be declared unconstitutional.[8]

---

[6] It is submitted that as long as the defendant may ultimately review the propriety of the suppression ruling in post-trial motions or by the alternative method of certiorari, he is not significantly prejudiced, and judicial economy and efficiency are served by this local regulation. While such a regulation undoubtedly conserves a great deal of time and energy to our hard-pressed judiciary, individual rights guaranteed by the Pennsylvania Constitution may not be violated in the name of judicial economy or convenience. A record review of a suppression hearing is not synonymous to or equally protective as a relitigation of the suppression motion.

[7] The United States Supreme Court has held that in a two-tier system, similar to the Municipal Court-Common Pleas Court system in our own state, an increase in punishment after a trial de novo is proper and sustainable. *Colten v. Kentucky*, 407 U.S. 104 (1972); *Commonwealth v. Moore*, 226 Pa. Superior Ct. 58, 312 A. 2d 422 (1973).

[8] The President Judges of the Common Pleas and Municipal Courts rely partly on *Commonwealth v. DeMichel*, 442 Pa. 553, 277 A. 2d 159 (1971), and Pa. R. Crim. P. 323 (j), as justification and authority for Reg. 72-7. *DeMichel* holds that a trial judge may not reverse the rulings of another judge *of equal jurisdiction*, but must consider said determinations as binding and conclusive. Rule 323(j) provides that a trial judge is bound by the determination of admissibility of a suppression hearing judge. Both *DeMichel* and 323(j) are, in our opinion, limited to the powers of judges of equal jurisdiction. They do not serve as precedent for the practical ele-

We reverse the judgment of sentence, and remand for a new trial consistent with this opinion.

---

vation of a Municipal Court Judge to a Common Pleas Judge, thereby precluding a common pleas court from reconsidering a suppression motion in an appeal for a trial de novo. The Pennsylvania Constitution establishes the courts of this Commonwealth. The jurisdiction of each court and the powers of each in relation to the other courts is set thereby, and may not be altered, amended or nullified, even by implication, through a local rule or regulation.

---

DISSENTING OPINION BY JACOBS, J.:

The majority holds that a criminal defendant who has had a suppression hearing in the Municipal Court of Philadelphia, and is then convicted in said court, is entitled to a second suppression hearing in the court of common pleas when he appeals and receives a trial de novo.

The Constitution of our Commonwealth clearly states that while a defendant does not have a right of trial by jury in the municipal court, "he shall have the right of appeal for trial de novo including the right to trial by jury to the trial division of the court of common pleas."[1] The Constitution gives him the right to trial, not a right to relitigate his pretrial motions. Rule 323 of the Pennsylvania Rules of Criminal Procedure on suppression of evidence distinguishes between a trial and a suppression hearing. It states that "a judge of the court shall fix a time for hearing, which may be either prior to or at trial . . . ." Pa. R. Crim. P. 323(e).[2] Rule 323 states in conclusion: "If the court

---

[1] Pa. Const. Schedule art. 5, § 16(r)(iii).

[2] The Municipal Court of Philadelphia is a court of record complying with the definition of a court in Rule 3 of the Pennsylvania Rules of Criminal Procedure with constitutional jurisdiction over the cases assigned to it. There is no reason why its decision on suppression should not be as binding as that of the court of common pleas.

determines that the evidence is admissible, such determination shall be final, conclusive and binding *at trial,* . . . but nothing herein shall prevent a defendant from opposing such evidence *at trial* upon any ground except its admissibility." [Emphasis added.]

I would hold that the appellant is entitled to but one suppression hearing in the municipal court, and to relitigate such pretrial motions with an appeal for a trial de novo would prove detrimental to the administration of criminal justice.

Appellant also argues that the knife found on his person pursuant to a stop-and-frisk by the arresting officer should have been suppressed by the municipal court. However, the arresting officer had received over the police radio information to the effect that a man dressed like appellant and on the same street as appellant was armed with a gun. As the arresting officer arrived at this location, he observed appellant "walking, stopping and turning around." Under these circumstances, it was proper for the officer to stop and frisk appellant. *See Adams v. Williams,* 407 U.S. 143 (1972) ; *Terry v. Ohio,* 392 U.S. 1 (1968).

Appellant's final argument is that his waiver of jury trial was unintelligent. Prior to his waiver, the following colloquy between appellant and his counsel appears on the record: "Q. Mr. White, you understand you have an absolute right to a jury trial in this matter? A. Yes. Q. *And you understand if you chose to have a jury trial you would probably have to prove your case beyond a reasonable doubt and to the satisfaction of every single person on the jury?* A. Yes. Q. And you understand if you waive that right, you can ask his Honor, Judge CARSON to hear the evidence. And he alone would decide whether you are innocent or guilty; do you understand that? A. Yes." [Emphasis added.] At the end of the colloquy the appellant requested to be tried by the judge. Pa. R. Crim. P. 1101 on waiver of

jury trial requires that "[t]he judge shall ascertain from the defendant whether this is a knowing and intelligent waiver and such colloquy shall appear on the record." Where, as in this case, the colloquy itself shows that the appellant was misinformed that the burden of proof would be on him if he chose to have a jury trial, there has been no intelligent waiver of his right to jury trial.

I would reverse the judgment of sentence and grant a new trial without a new suppression hearing.