Commonwealth, Appellant, *v.* Nelson.

Submitted June 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas E. Butler, Jr., Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellant.

*Donald J. Goldberg,* for appellee.

OPINION BY CERCONE, J., September 23, 1974:

Caesar Nelson, together with two co-defendants, Henry Dorsey and William Alexander, were charged and convicted in Philadelphia's Municipal Court of bribing and conspiring to bribe members of the vice squad of the Philadelphia Police Department, specifically, police officer Richard Byrd. The Commonwealth's evidence tended to prove that on the morning of June

25, 1971, Officer Byrd was approached by Dorsey on a Philadelphia street. Dorsey gave Officer Byrd $10 and arranged for him to meet with Nelson at 9:00 P.M. that evening. The 9:00 P.M. meeting took place, at which time Nelson told Officer Byrd he would pay the vice squad $150 each month on the 15th of the month, in exchange for protection of Nelson's lottery operation; the first $150 payment was made at that time. Immediately after Nelson finished his pay-off arrangements with Officer Byrd, similar arrangements were made by Alexander, who agreed to pay $120 to the vice squad every month. Alexander, however, said he would meet Officer Byrd the following Monday, June 28, 1971, to make the first $120 payment. Officer Byrd met with Alexander and Dorsey on the 28th and received the $120 as previously arranged. The Commonwealth's evidence did not connect Nelson with this $120 payment.

Following his conviction in Municipal Court,[1] Nelson appealed to the Court of Common Pleas for a trial *de novo*, as was his right under the Pennsylvania statute creating the two-tier Philadelphia Court system.[2] Subsequently, indictments were returned charging Nelson with bribery on June 25, 1971, and with conspiring to commit bribery and two charges of bribery on June 28, 1971.

Upon defendant's motion, all of these indictments were quashed by the Common Pleas Court. The Commonwealth's appeal involves only two of those indictments, charging: Bribery of Government Officers and

---

[1] Nelson was found guilty of a single transaction of bribery (payment of $150.00 to the police officer) and of conspiring to commit bribery on the evening of June 25, 1971.

[2] 17 P.S. §711.18 provides, in part, that ". . . defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo including the right of trial by jury to the trial division of the court of common pleas."

Employees on June 25, 1971, and Conspiracy to Bribe Governmental Officers and Employees on June 28, 1971.

Defendant Nelson contended before the Court of Common Pleas, that by presenting charges against him in addition to those originally raised at the Municipal Court trial, the Commonwealth was attempting to place a penalty on his exercise of the statutory right to seek a new trial de novo following his conviction before the Municipal Court. The trial court agreed. The recent U. S. Supreme Court decision, *Blackledge v. Perry,* 417 U.S. 21 (1974) concluded that a defendant's 14th Amendment Due Process rights were contravened when the prosecution enlarged the charges against him in response to his exercise of a statutory right to a new trial de novo.[3] In *Blackledge,* the defendant was charged and convicted in a North Carolina District Court with the *misdemeanor* of assault with a deadly weapon; when he exercised his right of appeal for trial de novo, the prosecutor obtained an indictment covering the same conduct for the *felony* offense of assault with a deadly weapon with intent to kill. The Court reasoned as follows:

"The lesson that emerges from Pearce, Colten, and Chaffin[4] is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.' Unlike the circumstances presented by those cases, however, in the situation here the central figure is not the judge or the jury, but the prosecutor. The question is whether the opportunities

---

[3] Under North Carolina law, a person convicted in the District Court has a statutory right to a trial de novo in the Superior Court. The North Carolina system appears to be identical to the Philadelphia system in all respects material to this appeal.

[4] *North Carolina v. Pearce,* 395 U.S. 711 (1968); *Colten v. Kentucky,* 407 U.S. 104 (1971); *Chaffin v. Stynchcombe,* 412 U.S. 17 (1974) (footnote ours).

for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the Pearce case. We conclude that the answer must be in the affirmative.

"A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a de novo trial.

"There is, of course, no evidence that the prosecutor in this case acted in bad faith or maliciously in seeking a felony indictment against Perry. The rationale of our judgment in the Pearce case, however, was not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, we emphasized that 'since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.' 395 U.S. at 725. We think it clear that the same considerations apply here. A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. Cf. United States v. Jackson, 390 U.S. 570."

The Commonwealth contends that the trial judge went too far by quashing *all* of the indictments against Nelson. They claim that the June 28th conspiracy charge should have been allowed to stand because it charged defendant with an offense that formed part of the same transaction for which he was tried in the Municipal Court. They also contend that they should have been allowed to amend the indictment charging him with bribery on June 25, and that it should stand as amended.

We hold that the lower court properly quashed the indictment charging Nelson and other unknown persons with conspiracy "to commit Bribery of Governmental Officers and Employees . . . on or about June 28, 1971;" the Commonwealth's evidence at the Municipal Court trial did not link the defendant Nelson with any of the transactions which occurred on June 28, 1971, but specifically attributed those happenings exclusively to Nelson's co-defendants Dorsey and Alexander. This indictment accused defendant of an offense different from those for which he was charged and tried in the Municipal Court; as such, Pennsylvania's Rules of Criminal Procedure require that he be afforded a preliminary hearing on that offense. Normally a defendant is made aware of the charges and evidence against him when tried in Municipal Court and in effect, the Municipal Court proceedings serve as his preliminary hearing. This obviates the need for a further preliminary hearing *as to those charges*. But where, as here, the Commonwealth indicts for offenses not charged in the Municipal Court trial, logic requires that defendant be afforded a preliminary hearing on such additional charges.[5] Accordingly, where no preliminary

---

[5] The accused in Pennsylvania usually has the right to a preliminary hearing before he may be indicted by the grand jury. See generally: Pa. Rules of Criminal Procedure, Rule 224; Sadler, 1

hearing has been held, and there exists none of the three recognized exceptions to the holding of a preliminary hearing prior to indictment,[6] the proper remedy is to quash the indictment. *Commonwealth v. Brabham,* 225 Pa. Superior Ct. 331 (1973).

The other indictment involved in this appeal charged that Nelson "unlawfully did give, or make a promise, contract or agreement for the payment of money, to wit, $160.00 United States Currency, to one Richard Byrd. . . ." The Commonwealth, in its argument on the motion to quash, conceded that the dollar amount stated in this indictment was meant to include *both* the $10.00 bribe made on the morning of June 25, 1971, and the $150.00 bribe made that evening. The trial judge granted defendant's motion to quash, stating that it charged commission of a crime other than that for which defendant was tried in Municipal Court and because it combined two separate offenses in a single count indictment. (i.e., the $10 bribery and the $150 bribery.) The trial judge based the latter reasoning on *Commonwealth v. Morgan,* 174 Pa. Superior Ct. 586, 589 (1954) where we said, "Since a jury must return as to each count of an indictment only one verdict, it is well established that two or more offenses distinct and unconnected, should be charged in separate counts." The reasoning of *Commonwealth v. Morgan,* however, is inapplicable to this indictment.

---

Criminal Procedure in Pa. §202; *Commonwealth v. Hoffman,* 396 Pa. 491 (1959) ; *Commonwealth v. Green,* 126 Pa. 531 (1889).

[6] A district attorney or attorney general could submit a bill to a grand jury without previous binding over or commitment of the accused when the accused has fled or is about to flee the jurisdiction, and great haste is necessary. The second exception is when an indicting grand jury makes a presentment based on personal knowledge of the jurors without any bill of indictment having been laid before them. The third exception is a prosecutor's submission of an investigating grand jury presentment to an indicting grand jury with leave of court. *Commonwealth v. Green,* supra.

In *Morgan,* the indictment was duplicitous on its face, and as such, a jury could well have found the defendant guilty of one or more, but not all, of the crimes charged in that count.[7]  Here, however, the indictment charges Nelson with making a single $160.00 bribe.  It is not duplicitous on its face, and the Commonwealth's motion to amend the amount (to $150.00) should have been granted.[8]  So amended, it would charge the same offense for which Nelson was convicted in Municipal Court.

In conclusion, we affirm the trial court's quashing of the indictment charging Nelson with conspiracy to bribe government officers and employees on June 28, 1971, but reverse its decision as to the indictment charging him with bribery on June 25, 1971, and remand so that this indictment may be reinstated and amended in conformity with this opinion.

---

[7] The indictment, in a single count, charged Morgan with swearing falsely that he had no fictitious accounts in a certain credit union, that he had paid two separate amounts to a party listed in the account, and that he had not endorsed the name of another on a third check.

[8] Pennsylvania Rules of Criminal Procedure, Rule 220: "The court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense. Upon amendment the court may grant such a postponement of trial or other relief as is necessary in the interests of justice."