526 A.2d 411

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Kenneth STEIN.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1986.

Filed May 26, 1987.

Ronald T. Williamson, Deputy Attorney General, Norristown, for Com., appellant.

Richard M. Bockol, Philadelphia, for appellee.

Before CAVANAUGH, MONTEMURO and BECK, JJ.

CAVANAUGH, Judge:

This action began in 1983 when appellee, a licensed podiatrist, was charged with over 99 counts of Medicaid fraud.[1] The Commonwealth charged appellee with billing the Department of Public Welfare for several podiatric office visits for the sum of Six Dollars ($6.00) each, when in fact the patient had never visited appellee's office. The disputed billings in this case involved renewals of prescriptions, over the telephone, for orthopedic shoes for the children of three qualified medical assistance recipients.[2] Prior to trial, appellee filed a motion entitled "Motion for Accelerated Rehabilitative Disposition and/or Motion to Strike Information" which the trial court treated as a motion to quash. The trial court granted in part appellee's motion dismissing 27 of 99 counts against him. The Commonwealth proceeded to trial on the remaining counts. At the conclusion of the Commonwealth's case, the lower court sustained appellee's demurrer to 60 counts against him. The court later found appellee not guilty on the remaining 12 counts.

The Commonwealth appealed the lower court's orders quashing 27 counts (3015 Phl, 85) and sustaining appellee's demurrer to 60 counts (3016 Phl, 85). These appeals were consolidated. The Commonwealth later discontinued its appeal at 3016 Phl, 85 following the U.S. Supreme Court's decision in *Smalis v. Pennsylvania,* 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986). In *Smalis,* the U.S. Supreme Court held that a grant of a demurrer to an accused cannot be appealed where reversal would lead to further trial proceedings thereby implicating the double jeopardy clause. Thus, appellant brings one issue before this court: whether

1. Appellee was indicted under 62 Pa.Stat. Ann. §§ 1407(a)(1), (a)(4) and (a)(9). (Purdon 1986 Cumulative Annual Pocket Part).

2. A review of the record discloses that appellee, on thirty-three occasions, billed the Department of Public Welfare for an "office visit" (Procedure Code # 90005) from a member of one of these families.

the lower court committed reversible error in granting appellee's motion to quash 27 counts against him. We reverse.

The Commonwealth argues that the lower court abused its discretion when it granted in part appellee's motion to quash. It argues that the informations in question were not facially defective and were not otherwise defective so as to prohibit prosecution. Appellant further argues that the lower court legally erred when it granted the motion as it based its decision on an assessment of the evidence against appellee and not upon a determination of the per se validity of the informations.

We first recognize that the decision to grant or deny a motion to quash is within the sound discretion of the trial judge whose decision will be reversed on appeal only where there has been a clear abuse of discretion. *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 422 A.2d 1369 (1980); *see also Commonwealth v. Hackney*, 117 Pa.Super. 519, 178 A. 417 (1935). We have also stated:

> *A Motion to Quash may be used to raise defects apparent on the face of the information or other defects that would prohibit prosecution.* A Motion to Quash an information is neither a guilt determining procedure nor a pre-trial means for determining the sufficiency of the Commonwealth's evidence. (Citations omitted.) (Emphasis added.)

*Commonwealth v. Meoli*, 307 Pa.Super. 50, 51–55, 452 A.2d 1032, 1033–1034 (1982).

The lower court stated, *inter alia,* in its opinion in support of its decision, that it quashed 27 counts as

> ... enough of an ambiguity existed in the definition of an 'office visit' before the January 1, 1983 revision [of the Medicaid Department's Fee Schedule] so as to create a reasonable basis for misinterpretation of the term 'office visit' prior to the issuance of the revised definition....

We agree with appellant that any ambiguity or confusion as to appellant's interpretation of the Fee Schedule is more properly a matter relevant to appellee's defense which could

be asserted at trial. However, we do not believe that an asserted ambiguity or confusion serves as a basis to quash facially valid informations. *Commonwealth v. Chew,* 338 Pa.Super. 472, 487 A.2d 1379 (1985); *Commonwealth v. Moser,* 328 Pa.Super. 237, 476 A.2d 980 (1984); *see also* Pa.R.Crim.P. 225, *Commonwealth v. Baranyai,* 278 Pa.Super. 83, 419 A.2d 1368 (1980).

■■■ We reject appellee's arguments that the lower court acted within its discretion when it granted his motion in the nature of a petition for habeas corpus. Appellee entitled his petition before the lower court "Motion for Accelerated Rehabilitative Disposition and/or Motion to Strike Information." The lower court stated in its opinion that it treated this petition as a "Motion to Quash." Now appellee argues that his motion was "in the nature of a petition for habeas corpus." Appellee, having inartistically denominated his motion, should not now be permitted to advance a new theory as to its scope. Regardless of the appellation of this petition, however, we believe the lower court abused its discretion in dismissing these counts. It is true that a trial court has the authority to review evidence presented at a preliminary hearing to ascertain whether a *prima facie* case has been made out against a defendant. *Commonwealth v. Hess,* 489 Pa. 580, 414 A.2d 1043 (1980); *see also Commonwealth v. Ballard,* 501 Pa. 230, 460 A.2d 1091 (1983). This is true even where a petitioner's caption is incorrectly titled provided his intent is clear. *Commonwealth v. Hess, supra. See also Commonwealth v. Hetherington,* 460 Pa. 17, 331 A.2d 205 (1975). However, the lower court is charged with the duty to examine the evidence with the limited inquiry as to whether there exists sufficient evidence to require a defendant to stand trial. *Commonwealth v. Ballard,* 501 Pa. at 233, 460 A.2d at 1092, *citing Commonwealth v. Hess, supra,* and *Commonwealth v. Krall,* 452 Pa. 215, 304 A.2d 488 (1973). *See also Commonwealth v. Hetherington, supra.* Our review of the record discloses that the Commonwealth presented the lower court with sufficient evidence, with respect to these counts, to meet the traditional threshold associated with

this inquiry.[3] Therefore, we remand this case to the lower court for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

BECK, J., files a concurring statement.

BECK, Judge, concurring:

I concur in the majority's conclusion that the informations were not facially invalid, nor did they present any other defect that would prohibit prosecution. Therefore, the trial court erred in granting appellee's motion to quash.

However, I disagree with the majority's apparent consideration of appellee's argument that his motion below was in the nature of a petition for habeas corpus rather than a motion to quash. Appellee should not be permitted to change his theory as to the nature of his motion on appeal.

**3.** We disagree with the lower court's assertion that Procedure Code # 90005 was subject "... to an ambiguous interpretation by a medical provider...." An "office visit" under the Code is defined as "[an] office visit, brief examination, evaluation and/or treatment." We do not believe that the receipt of a phone call could reasonably be construed to meet the requirements of the Code's definition of an office visit.