615 A.2d 740

**COMMONWEALTH of Pennsylvania**

**v.**

**Ruffino ROSARIO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 1992.

Filed Oct. 27, 1992.

John W. Packel, Asst. Public Defender, Philadelphia, for appellant.

Kathy L. Echternach, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before JOHNSON, FORD ELLIOTT and HOFFMAN, JJ.

FORD ELLIOTT, Judge:

This is an appeal from an order of the Philadelphia County Court of Common Pleas, reversing the Municipal Court's Order which granted appellant's Motion to Suppress physical evidence. We quash the appeal.

The facts relevant to a coherent disposition of the appeal are simply stated. Appellant was arrested on October 30, 1989, for possession of a controlled substance. Appellant filed a motion to suppress physical evidence, which was granted following a hearing before the Honorable Georganne V. Daher of the Philadelphia Municipal Court. The Commonwealth appealed the suppression order to the Philadelphia Court of Common Pleas where the Honorable Edward E. Russell reversed the suppression order and remanded the case for trial. This appeal followed.

The Commonwealth contends that appellant's appeal must be quashed, as the order in question is interlocutory. Before we look at the substance of appellant's claim, we must determine whether this court has jurisdiction to entertain the instant appeal.

In his reply to the Commonwealth's motion to quash, appellant argues that the appeal is proper in two respects. First, appellant contends that the underlying appeal was allowed pursuant to 42 Pa.C.S.A. § 932 whereby the court of common pleas was exercising its appellate jurisdiction to review a municipal court determination. Acting in its appellate capacity, a court of common pleas has jurisdiction to review any "final order" of a municipal court; the final order in this case being the motion to suppress physical evidence. The finality of the order in question is appellant's second point of contention. Appellant points out that the Commonwealth concedes the order on appeal to the common pleas court was final, since it prohibited further prosecution of the case. *Commonwealth*

*v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985). As a result, appellant alleges that the initial order which was final when appealed to the common pleas court could not thereafter become interlocutory when reversed by that "inferior" appellate court. It is appellant's belief that once an order is subject to appeal, it remains appealable through each successive level of appellate review. Therefore, even though the court of common pleas may vacate a final order on review from the municipal court, an appeal must still be allowed to this court from the court of common pleas because this court's review is the next step in the appellate review process.

While this is an interesting argument, it ignores that the appellate review of any court is a jurisdictional question defined by rule or statute. Appellate review is granted to the court of common pleas and to this court through the operation of different statutes; neither of which purport to extend jurisdiction from one appellate level to the other.

■ True enough, the common pleas court has jurisdiction to review an order of the municipal court, under both 42 Pa.C.S.A. § 932 and § 1123(a)(2). Section 932 addresses appeals from final orders to the courts of common pleas from minor judiciary determinations, in general.

### § 932. Appeals from minor judiciary

Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each court of common pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district.

1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978.

Section 1123 defines the jurisdiction and venue of the Philadelphia Municipal Court, specifically, and sets out in subsection (a)(2) the particular type of appellate review available to defendants following final determinations in municipal court.

### § 1123. Jurisdiction and venue

(a) General rule.—Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to

reassignment of matters), the Philadelphia Municipal Court shall have jurisdiction of the following matters:

. . . . .

(2) ... In cases under this paragraph the defendant shall have no right of trial by jury in the municipal court, but shall have the right of appeal for trial de novo, including the right of trial by jury, to the court of common pleas.

*See Commonwealth v. White,* 228 Pa.Super. 23, 324 A.2d 469 (1974).

In *Commonwealth v. Poindexter,* 248 Pa.Super. 564, 375 A.2d 384 (1977), this court further recognized in a footnote that appeal may also be sought from municipal court to common pleas by the issuance of a Writ of Certiorari.

Section 26 of the Schedule to Article 5 of the Pennsylvania Constitution provides: 'Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section nine of this article, the judges of the courts of common pleas ... shall have power to issue writs of certiorari to the municipal court in the City of Philadelphia....' Although the Supreme Court, by Pennsylvania Rule of Criminal Procedure 159(e), has suspended the Act of Dec. 2, 1968, P.L. 1137, No. 355, § 6, 42 P.S. § 3006, the act which previously authorized courts of common pleas to issue writs of certiorari to minor judiciary courts, the Supreme Court has not specifically abolished certiorari. We must therefore assume that the courts of common pleas retain the power to issue writs of certiorari to the Philadelphia Municipal Court in non-summary criminal cases.

*Id.,* 248 Pa.Super. at 567, 375 A.2d at 386,

In sum, the nature and scope of the review by the court of common pleas of orders entered by the municipal court is carefully delineated by statute.

However, the appellate review permitted in this court is a separate and distinct matter governed by different statutory authority. Under 42 Pa.C.S.A. § 742, the appellate jurisdiction of the Superior Court is set out as follows:

### § 742. Appeals from courts of common pleas

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978.

 An order of the court of common pleas is appealable to this court if final; and a final order for purposes of appellate review to this court is one which serves to put the litigants out of court by either ending the litigation or entirely disposing of the case. *Commonwealth v. Swartz,* 397 Pa.Super. 157, 579 A.2d 978 (1990).

 Instantly, the action of the court of common pleas in reversing the grant of suppression vacated the final order upon which review was premised. The new order is clearly interlocutory as it did not end litigation or dispose of the case, but rather returns appellant to the position he would have been in had the municipal court denied his motion to suppress. The order as it stands at this point is not final. Therefore, this court is without jurisdiction to entertain an appeal as of right. Appellant will have an opportunity to question the validity of the denial of his motion to suppress at the conclusion of trial.

Motion granted; appeal quashed.