582 A.2d 886

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. BERNOTAS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1990.

Filed Oct. 12, 1990.

Reargument Denied Dec. 21, 1990.

Robert Bernotas, pro se.

Patricia E. Coonahan, Asst. Dist. Atty., Cheltenham, for Com.

Before BECK, POPOVICH and HESTER, JJ.

BECK, Judge:

The issue in this case is whether the service of notice rule applicable to summary proceedings, Pa.R.Crim.P. 80, or the general criminal service of notice rule, Pa.R.Crim.P. 9023, is applicable where the appellant appeals to the court of common pleas for a trial de novo from an adverse order before a district justice.

We hold that the applicable rule is the general criminal service rule. We therefore reverse the trial court which found that appellant was properly served where service was effectuated in accordance with the summary proceeding service rule.

On March 15, 1988, appellant Robert J. Bernotas was issued a citation for driving at an excessive speed, 75 Pa.Cons.Stat.Ann. § 3362 (Purdon 1977). Appellant entered a plea of not guilty, but failed to appear for his hearing before the district justice. He was found guilty in absentia of driving at a speed of 64 miles per hour in a 40 miles per hour zone. He appealed the decision to the Montgomery County Court of Common Pleas. On May 4, 1989, trial de novo was held, but appellant did not appear at the trial. The Commonwealth proceeded with its case, and the trial judge entered a verdict of guilty.

Appellant filed timely post-verdict motions, in which he argued that he is entitled to a new trial because he was not served with notice of his trial date. Rule 80 governs service of notice in summary proceedings and provides that trial notices "be served either personally upon the defendant or by mail to the defendant's last known address." The Commonwealth contends that it served appellant with notice of trial date by first class mail, and that under Rule 80, this was adequate. Appellant argues that Rule 9023, the general service of notice rule, applies.

Rule 9023 provides, in relevant part:

(b) Except as otherwise provided in these rules, service may be accomplished by:

(1) personal delivery of a copy to a party or a party's attorney; or

(3) sending a copy to a party by certified or registered mail addressed to the party's place of residence, business, or confinement.

In *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981) (en banc), this court first announced that in a summary case, once an appeal from a decision of a district justice is taken to the court of common pleas, all general provisions of the criminal rules become applicable to the trial de novo unless specifically made inapplicable. *Id.*, 288 Pa.Superior Ct. at 293, 431 A.2d at 1054. The *Koch* court reasoned:

Summary violations are by definition, minor offenses, punishable most often, only by fine. They justifiably should be summarily handled and the purpose and goal of the rules governing such proceedings is prompt adjudication before the issuing authority. However, once an appeal is taken to the Court of Common Pleas, this goal is clearly abrogated, and thereafter, all general provisions of the criminal rules become applicable to the trial de novo unless specifically made inapplicable.

*Id.* (citation omitted).

We find no language in Rule 9023 or the comments thereunder which would render this rule inapplicable. We therefore hold that when a summary case is appealed to the court of common pleas for trial de novo, the Commonwealth is required to serve notice of the trial date on the accused pursuant to Pa.R.Crim.P. 9023. *See Commonwealth v. Hollingsworth*, 524 Pa. 172, 569 A.2d 947 (1990) (Rule 1123, governing post-verdict motions, applies in summary cases tried in court of common pleas); *Commonwealth v. Pringle*, 304 Pa.Super. 67, 450 A.2d 103 (1982) (Rule 1403 A, requiring that reasons for dispensing with presentence report must be placed on record, applies to de novo trials after appeal from decision of district justice); *Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (Rule 1123 applies in de novo trials held after appeal from summary conviction by district jus-

tice). *But cf. Constantino v. Forest Hills Borough,* 128 Pa.Commw. 407, 563 A.2d 953 (1989) (Rule 1100(a)(2) not applicable in summary cases due to express language in rule making it applicable only to court cases); *Department of Envt. Resources v. Blosenski Disposal Serv.,* 110 Pa. Commw. 194, 532 A.2d 497 (1987) (Rule 307, which requires pretrial omnibus motions be filed within 30 days after arraignment, held inapplicable in de novo trials due to language in Note following Rule 307 indicating that the rule is effective as to cases in which an indictment or information is filed, and filing of indictment or information not required in summary cases tried de novo after decision of district justice).

Thus, in the instant case, under Rule 9023, the Commonwealth was required to serve appellant with notice of trial by personal delivery, or by registered or certified mail. Since service was made by first class mail, it was improper.

Judgment of sentence reversed and the case remanded for proceedings consistent with this opinion. Jurisdiction is Relinquished.

POPOVICH, J., files a dissenting statement.

POPOVICH, Judge, dissenting.

I dissent. The Majority's conclusion that it can find "no language" which would render Pa.R.Crim.P. 9023 inapplicable is belied by Pa.R.Crim.P. 86(g) which states that Rule 86 shall be the *exclusive* means of appealing from a summary conviction.