**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Arcolina PANTO, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 28, 2006.
Filed Dec. 8, 2006.

---

Arcolina Panto, appellant, Pro Se.

Robert Eyer, Asst. Dist. Atty., Easton, for Com., appellee.

BEFORE: LALLY–GREEN, GANTMAN and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Appellant Arcolina Panto appeals the judgment of sentence for careless driving.[1] We vacate the judgment of sentence and remand the case to the trial court.

1.  75 Pa.C.S.A. § 3717.

¶ 2 A review of the record establishes that on the 26th day of September, 2005, Appellant was issued a citation for careless driving by Officer Timothy Smith of the Palmer Township police department.   On October 12, 2005, Appellant was convicted by the district magistrate of the offense cited, and Appellant filed a notice of appeal to the Court of Common Pleas of Northampton County for a trial *de novo*.   The case was scheduled to be heard on February 21, 2006.   At Appellant's request, the trial *de novo* was continued until April 5, 2006.   However, when Appellant failed to appear for the April 5th trial, the trial court dismissed the appeal and reinstated the judgment.   N.T. Transcript of Proceedings, 4/5/06, at 1.

¶ 3 A timely notice of appeal was filed, which was followed by a Pa.R.A.P. 1925(b) statement claiming: (1) the failure to appear at the trial *de novo* was based upon Appellant "never receiv[ing notice of] the time and location of the Summary Appeal hearing[;]" and (2) the evidence was insufficient to establish a violation of the careless driving statute.   The trial court's 1925(a) opinion states that the appeal was dismissed and the judgment of the issuing authority was reinstated for Appellant's failure to appear at the trial *de novo*.

¶ 4 Pursuant to the applicable Rules of Criminal Procedure, when a defendant appeals the entry of a conviction by an issuing authority in a summary proceeding, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.   Pa.R.Crim.P. 462(A).   A continuance may be granted in summary cases provided the identity of the moving party and the reasons for the continuance are stated of record.   Pa.R.Crim.P. 106(B). And, the trial judge may dismiss the appeal and reinstate the judgment of the issuing authority when the defendant fails

to appear at the scheduled trial *de novo.* Pa.R.Crim.P. 462(D).

¶ 5 A court of common pleas may adopt local rules governing criminal practice and procedure provided they are not inconsistent with any general rule of the Pennsylvania Supreme Court or any Act of the General Assembly. Pa.R.Crim.P. 105(A), (B). Herein, the Court of Common Pleas of Northampton County adopted a "form" to be completed when seeking a continuance in a case set for trial, arraignment, juvenile adjudication, or summary appeal. Appellant completed the required form, which is reproduced below; to-wit:

## APPLICATION FOR CONTINUANCE

### INSTRUCTIONS
1. Use ball point pen or typewriter. Make sure all copies are legible.
2. Do not separate copies. Applying counsel shall submit all copies to other counsel who will sign the continuance in Section IV and indicates whether the continuance is opposed or unopposed.
3. The entire form shall be submitted to the appropriate Judge as indicated.* The Court will indicate the action taken in Section VI. Applying counsel shall see that the original and copies are forwarded to the Office of the Court Administrator for distribution.[2]

### *P.J. – President Judge   M.J. – Motions Judge   J.J. – Juvenile Judge

I.   APPLICATION IS HEREBY MADE TO CONTINUE THE FOLLOWING CASES:

Commonwealth of Pennsylvania          No.(s): 3217-2005
vs.                                                    Charges: CARELESS DRIVING
[Appellant]

Case Scheduled for:  FEBRUARY 21, 2006

□ Trial (P.J.)              □ Arraignment (P.J.)          □ Juvenile (J.J.)

□ Miscellaneous (M.J.)     xx Summary Appeal (M.J.)   □ Other _____

on FEBRUARY 21, 2006

II.  NUMBER OF PREVIOUS CONTINUANCES: 00 by Commw.; 00 by Defend.

III. APPLICATION IS MADE FOR THE FOLLOWING REASONS:
PA Child Support/Domestic
Enforcement Training/Relations Conference 02/03/06 DEFENDANT _____

Applying Counsel Signature  [Appellant]          Date      Representing

IV. APPLICATION IS OPPOSED/UNOPPOSED.  IF OPPOSED, STATE REASONS.

/s/John Obrecht_____   2/3/06_  COMMONWEALTH_____
Responding Counsel Signature JOHN OBRECHT, ADA

V.  APPLICATION FOR WAIVER OF RULE 600—RIGHT TO SPEEDY TRIAL IS ATTACHED. □ YES  □ NO

VI. ACTION TAKEN BY THE COURT

AND NOW, this 6th day of FEB 2006
□  Application is denied.
X  Application is granted and the case is continued to APR 5, '06.

/s/ Robert A. Freedberg, P.J.
Judge
ROBERT A. FREEDBERG, P.J.

FOR RESCHEDULED TRIAL DATES:
>  A copy of this notice has been presented to you with the court's approval and said copy of this form shall be your ONLY written reminder of your NEXT court date.
>  FAILURE TO APPEAR WILL RESULT IN THE ISSUANCE OF A BENCH WARRANT.
[The form was time-stamped as filed with the clerk of courts of Northampton County, Criminal Division, on February 8, 2006[3]]

2.  As is plain from a reading of the phrase ("shall see that the original and copies of the application for continuance are forwarded to the Office of the Court Administrator for distribution"), the president judge of Northampton County Court of Common Pleas promulgated a local rule designating service by the court administrator instead of the clerk of courts. See Pa.R.Crim.P. 114(B)(2).

¶ 6 It is obvious from a reading of the Northampton County Court of Common Pleas application for continuance form that provision is made for the date of the rescheduled trial, but no place is there an allowance to insert the time and location of the new trial. Appellant complains specifically of this void in the continuance application. *See* Appellant's brief, at 2 ("the form approving the application for a continuance [ . . . ] did list the *de novo* hearing date but did not include the time or location for the hearing."); Appellant's *"CONCISE STATEMENT OF MATTERS COMPLAINED OF,"* ¶ 1 ("[Appellant] never received the time or location of the Summary–Appeal hearing.").

¶ 7 Moreover, Appellant cites the absence of first-class mail or certified mail notice of the new hearing as violative of the Pennsylvania Rules of Criminal Procedure.[4] *See* Appellant's brief, at 2. Under Pa.R.Crim.P. 114(B)(2), the clerk of courts, or where promulgated by the president judge by local rule (as was the case here— *see* footnote 2) the court administrator, is charged with the responsibility to serve notice of the order of court. The method of service is also outlined in Rule 114, which reads, as herein relevant:

**Rule 114. Orders and Court Notices: Filing; Service; and Docket Entries**

\* \* \* \*

**(B) Service**

(1) A copy of any order or court notice promptly shall be served on each party's attorney, or the party if unrepresented.

(2) The clerk of courts shall serve the order or court notice, unless the president Judge has promulgated a local rule designating service to be by the court or court administrator.

(3) Methods of Service. Except as otherwise provided in Chapter 5 concerning notice of the preliminary hearing, service shall be:

(a) in writing by

\* \* \* \*

(v) sending a copy to an unrepresented party by certified, registered, or first class mail addressed to the party's place of residence, business, or confinement; or

\* \* \* \*

(b) orally in open court on the record. Pa.R.Crim.P. 114(1)-(3)(a)(v), (b).

¶ 8 Our review of the application for continuance reproduced *supra*, as well as the entire record forwarded to this Court, fails to show compliance with Rule 114's mandatory ("shall") service of the order of the court upon an unrepresented party/Appellant by "certified, registered, or first

**3.** The affixing of a time-stamp to the "Application for Continuance" by the clerk of courts was consistent with its duties set forth in Rule 576(A)(3), which reads:

The clerk of courts shall accept all written motions, answers, notices, or documents presented for filing. When a document, which is filed pursuant to paragraph (A)(1) [all motions for which filing is required shall be filed with the clerk of courts], is received by the clerk of courts, the clerk shall time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and promptly shall place the document in the criminal case file.
Pa.R.Crim.P. 576(A)(3).

**4.** Appellant cites Pa.R.Crim.P. 576(B)(4)(a) for such a proposition. *See* Appellant's brief, at 2. We find that the citation to Pa. R.Crim.P. 576(B)(4)(a) is improper to the extent that Appellant believes that under this provision of Rule 576 she was entitled to notice of the new hearing date by "first class, certified, or registered mail [ . . . ] or by carrier service" as an unrepresented party. On the contrary, as the moving party seeking a continuance, Appellant was required under Rule 576 to file her written motion with the clerk of courts, serve the same upon the opposing party and the court administrator, and attach to her written motion a "certificate of service" that the listed parties were served. *See* Rule 576(A)(1), (B)(2), and (B)(4).

class mail." *See* Rule 114(3)(B)(a)(v). Nor does the record indicate that Appellant was given alternative notice of the grant of the continuance "orally in open court on the record," *see* Rule 114(B)(3)(b), which is evident from the fact that Appellant signed the application for a continuance on February 3, 2006, and it was joined by the assistant district attorney on the same date, but it was not granted by the court until the order was executed on February 6, 2006.

¶ 9 In *Commonwealth v. Bernotas*, 399 Pa.Super. 492, 582 A.2d 886 (1990), this Court was confronted with a *pro se* appeal by an appellant from a judgment of sentence imposed for failure to appear at a trial *de novo* from an adverse order before a district justice. The appellant argued he was entitled to a new trial because he was not served with notice of his trial date pursuant to Pa.R.Crim.P. 9023 (now renumbered Rule 114(B)(3)(a)(i), (iv)), which provided, as herein relevant:

(b) Except as otherwise provided in these rules, service may be accomplished by:

(1) personal delivery of a copy to a party or a party's attorney; or

\* \* \* \*

(3) sending a copy to a party by certified or registered mail addressed to the party's place of residence, business, or confinement.

*Bernotas*, 582 A.2d at 887. The Commonwealth's contention that the appellant had been served with notice of the trial date by first class mail under then Pa.R.Crim.P. 80 did not dissuade this Court from reversing the appellant's judgment of sentence. The case was remanded for proceedings requiring the Commonwealth to provide notice of the trial date on the accused pursuant to then Rule 9023 (now Rule 114). *See Bernotas*, 582 A.2d at 887 ("when a summary case is appealed to the court of common pleas for trial *de novo*, the Commonwealth is required to serve notice of the trial date on the accused pursuant to Pa.R.Crim.P. 9023." (citations omitted)).

¶ 10 Under the circumstances here, with the court administrator's failure to send Appellant notice of the court's order pursuant to Pa.R.Crim.P. 114(B)(2), *see* footnote 2, we hold that the facts and law warrant a vacation of the judgment of sentence to comply with the service mandate of Rule 114, which calls for notice of the order granting the continuance of the trial *de novo* by certified, registered, or first-class mail. Because service was not made in compliance with Rule 114, it was improper.[5]

¶ 11 Judgment of sentence vacated. Case remanded for proceedings consistent with this opinion.[6] Jurisdiction relinquished.

**5.** The Criminal Procedural Rules Committee may want to examine the disparity between the notice required for a preliminary hearing (listing the place, date and time a defendant is to appear before the issuing authority, *see* Pa.R.Crim.P. 510(A), 512), the notice granting a continuance of a preliminary hearing (listing the new date and time, with notice provided to the defendant, *see* Pa.R.Crim.P. 542(D)(2)(a), (b)), and the notice of the grant of a continuance in the case at bar, which "Application for Continuance" form merely made provision for listing the new date without any mention of the concomitant time and/or place for the trial *de novo*. Provision for inclusion of these temporal and physical elements could be in the form of amendments to Pa.R.Crim.P. 106 ("Continuances in Sum-

mary and Court Cases"). This would provide the party's attorney or, if unrepresented, the party with sufficient notice of the date, time and place of the continuance with a cross-reference to Pa.R.Crim.P. 114 regarding the methodology by which notice is to be served upon the parties.

**6.** Regarding Appellant's challenge to the sufficiency of the evidence, we decline to address this claim because of a lack of transcript from the summary conviction hearing before the district magistrate, and, further, Appellant's appeal was dismissed and the judgment reinstated by the trial court because she failed to appear at the trial *de novo*.