J-S36018-15, J-S36019-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELISSA A. SARVEY | |
| Appellant | No. 1529 WDA 2014 |

Appeal from the PCRA Order August 20, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000014-2012

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MELISSA A. CIELESKI | |
| Appellant | No. 1530 WDA 2014 |

Appeal from the PCRA Order August 20, 2014
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000605-2007

BEFORE: PANELLA, J., JENKINS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED JULY 8, 2015**

Appellant Melissa A. Sarvey appeals from the order of the Jefferson

County Court of Common Pleas dismissing her petition filed pursuant to the

---

[*] Retired Senior Judge assigned to the Superior Court.

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, which she entitled a "motion to reinstate defendant's rights under the [PCRA] nunc pro tunc" ("reinstatement PCRA petition"). We reverse and remand to the PCRA court for proceedings consistent with this memorandum.

While incarcerated at the Jefferson County Correctional Facility, Appellant attempted to deliver prescription drugs to another inmate. *Commonwealth v. Sarvey*, 968 WDA 2013, at 2 (Pa.Super. filed Feb. 21, 2013) (unpublished memorandum). A jury found Appellant guilty at CP-33-CR-0000014-2012 of two counts each of possession of a controlled substance with intent to deliver ("PWID"),[1] possession of a controlled substance by an inmate,[2] selling, giving, transmitting or furnishing a controlled substance to a confined person,[3] and criminal attempt.[4] *Id.*

On May 16, 2012, the trial court imposed consecutive sentences of 1-3 years' incarceration for one PWID conviction and 1½ to 3 years' incarceration for the second PWID conviction, 1½ to 3 years' incarceration for each possession of a controlled substance by an inmate conviction, and 2-5 years' incarceration for each furnishing of a controlled substance to a

_____

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 5123(a.2).

[3] 18 Pa.C.S. § 5123(a).

[4] 18 Pa.C.S. § 901.

confined person conviction. The court did not impose a sentence for the criminal attempt convictions. *Sarvey*, 968 WDA 2013, at 4. At the time of the offenses, Appellant was serving a term of probation at CP-33-CR-0000605-2007. As a result of Appellant's conviction, the court further revoked probation and imposed a sentence of 1-2 years' imprisonment at each of two counts. N.T., 5/16/2012, at 14-15. This was an aggregate term of imprisonment of 11½ to 26 years' imprisonment. *Id.* at 15.[5] This Court affirmed on February 21, 2013. *Id.* Appellant filed a petition for allowance of appeal, which the Supreme Court of Pennsylvania denied on September 17, 2013.

On January 8, 2014, Appellant filed a *pro se* PCRA petition at both CP-33-CR-0000014-2012 and CP-33-CR-0000605-2007. The PCRA court appointed counsel, who filed a no-merit letter on February 14, 2014. The trial court issued a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907, which was dated February 20, 2014 and docketed on February 24, 2014. This notice of intent stated:

> On the basis of the allegations asserted in Attorney George N. Daghir's No-Merit Letter, filed February 14, 2014, you, the Defendant/Petitioner, are hereby notified that your

---

[5] The trial court also revoked probation in additional cases that Appellant does not challenge on appeal. The court imposed 5 years' probation on these cases consecutive to Appellant's aggregate term of imprisonment but concurrent with one another. N.T., 5/16/2012, at 15.

Post Conviction Pleadings filed January 8, 2014, shall be dismissed twenty (20) days from the date of this Notice/Order. You should be aware, that the Order dismissing these filings will be a Final Order. Accordingly, after that Order is filed, you have a right to appeal to the Pennsylvania Superior Court by filing a Notice of Appeal with the Jefferson County Clerk of Courts within thirty (30) days after the entry of the Order dismissing your Post Conviction Pleadings and other filings. See PA R.CR.P. No. 907.

Order, 2/24/2014. A separate order, also dated February 20, 2014 and docketed on February 24, 2014, stated:

AND NOW, this 20th day of February, 2014, upon consideration of Petition to Withdraw as Counsel (No-Merit) filed by Specially Appointed Public Defender, George N. Daghir, Esq., and after this Court's own independent review, it is hereby determined that Defendant/Petitioner Melissa Sarvey's issues raised in her previously filed Post-Conviction Pleadings are meritless.

It is further ordered that George N. Daghir, Esq.'s, Petition to withdraw as Counsel for Defendant/Petitioner Melissa Sarvey is hereby granted. Defendant/Petitioner Melissa Sarvey shall be served with a copy of the within Order.

Melissa Sarvey is hereby notified that she has the right to proceed with her Post-Conviction Pleadings Pro Se, or, with the assistance of privately retained counsel. Within the next twenty (20) days, Melissa Sarvey will notify the Court whether she wishes to proceed on her Post-Conviction Pleadings. Failure to inform the Court that the Defendant/Petitioner, Melissa Sarvey, wishes to proceed on her Post-Conviction Pleadings will result in them being dismissed.

Order, 2/24/2014.

In response to these orders, Appellant filed a letter with the trial court, which was dated March 1, 2014 and docketed March 5, 2014. The letter provided:

> I am writing in reference to the above listed docket numbers regarding an Order of Court by the Honorable President Judge John H. Foradora, dated [February] 20, 2014.
>
> Please accept this letter as my interest to continue with my Post Conviction Pleadings Pro Se. I will retain counsel to proceed on my behalf in the matter of the Post Conviction Pleadings.
>
> Thank you for your time and consideration in this matter.

Letter from Melissa Sarvey to "To Whom It May Concern" dated March 1, 2014.

In an order dated March 19, 2014 and docketed March 24, 2014, the PCRA court dismissed the PCRA petition. The order provided:

> AND NOW, this 19th day of March, 2014, upon consideration of the Petition to Dismiss PCRA[6] and subsequent letter from the defendant wherein she requests to continue with this PCRA filed on March 5, 2014, IT IS HEREBY ORDERED AND DECREED that the defendant's Post Conviction Pleadings and the defendant's aforementioned subsequent letter are DISMISSED.

---

[6] The certified record does not include a "petition to dismiss PCRA," and the docket does not reflect the filing of such a petition.

Order, 3/24/2014. The docket states this order was served on Appellant "First Class." ***Commonwealth v. Sarvey***, No. CP-33-CR-0000014-2012, Docket at 15 of 22 (Pa.C.P. Jefferson Mar. 24, 2014).

On August 18, 2014, Appellant's retained counsel filed the reinstatement PCRA petition at both docket numbers seeking to reinstate Appellants' PCRA rights nunc pro tunc.[7] In an order dated August 20, 2014 and docketed August 22, 2014, the PCRA court denied this petition. On September 17, 2014, Appellant filed two timely notices of appeal at 1529 WDA 2014 and 1530 WDA 2014. We consolidate these appeals pursuant to Pennsylvania Rule of Appellate Procedure Pa.R.A.P. 513. Both Appellant and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> ISSUE I: Did the lower court err in failing to reinstate [Appellant's] PCRA rights Nunc Pro Tunc when [Appellant] notified the Court within 20 days that she intended to proceed with private counsel?
>
> ISSUE II: Did the lower court err in failing to reinstate [Appellant's] PCRA rights Nunc Pro Tunc when [Appellant] was not properly notified that her PCRA petition was

_____

[7] On July 18, 2014, Appellant filed a second *pro se* PCRA petition at docket CP-33-CR-0000014-2012 only. On August 8, 2014, the PCRA court issued a notice of intention to dismiss the second PCRA petition and, on September 4, 2014, it dismissed the petition. As with the order dismissing Appellant's first PCRA, the order dismissing Appellant's second PCRA did not include a recitation of appellate rights and was served via first class mail, not certified mail.

dismissed because she was not served by certified mail, as Required by Pa. R.Crim.P. 907?

ISSUE III: Should [Appellant's] PCRA rights be reinstated due to a breakdown in the Court system?

Appellant's Brief at 7. We will address Appellant's issues together, as they are interrelated. Appellant maintains the PCRA court erred in failing to reinstate Appellant's PCRA rights nunc pro tunc. We agree.

Appellant's "motion to reinstate defendant's rights under the [PCRA] nunc pro tunc" should be treated as a PCRA petition. *See Commonwealth v. Robinson*, 837 A.2d 1157 (Pa.2003) (treating PCRA petition seeking reinstatement of PCRA appeal rights as a PCRA petition); *Commonwealth v. Weimer*, 756 A.2d 684, 686 (Pa.Super.2000) (treating appellant's motions, including motion to reinstate appeal rights, as PCRA petition). Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).[8]

---

[8] Appellant timely filed her reinstatement PCRA petition. Appellant's judgment became final December 16, 2013, 90 days after the Supreme Court of Pennsylvania denied her petition for allowance of appeal on September 17, 2013. Appellant filed the reinstatement PCRA petition on August 18, 2014, before the one-year PCRA time bar expired on December 13, 2014. 42 Pa.C.S. § 9545(b)(1) (PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final").

Pennsylvania Rule of Criminal Procedure 907 provides:

(1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

. . .

(4) When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

. . .

Pa.R.Crim.P. 907.

Here, the trial court provided notice of its intent to dismiss the PCRA petition, notifying Appellant her PCRA petition would be dismissed in 20 days. Notice, 2/24/2014. That same day, the PCRA court granted PCRA counsel's petition to withdraw and ordered Appellant "to notify the Court whether she wishes to proceed on her Post-Conviction Pleadings" within 20

days.[9]  On March 5, 2014, in response to these orders, Appellant informed the court she wished to "continue with my Post Conviction Pleadings Pro Se" and she would "retain counsel to proceed on my behalf."

These orders misstated the action required by Appellant.  The notice of intent informed Appellant the PCRA court would dismiss the PCRA in 20 days. The order granting counsel's motion to withdraw, however, required Appellant to inform the PCRA court whether she wished to continue with the appeal and stated that if Appellant failed to inform the court whether she wished to continue, the PCRA petition would be dismissed.  Appellant complied with the court order by informing the court, within 20 days, that she wished to continue the proceedings and that she would retain counsel. Nineteen days after Appellant's letter was docketed, the PCRA court dismissed the PCRA petition, without further communication with Appellant.

Further, the order dismissing Appellant's PCRA petition did not inform Appellant of her appellate rights and was not served via certified mail. Pursuant to Rule 907, where a PCRA court dismisses a petition without a

---

[9] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1987) provide a mechanism for post-conviction counsel to withdraw. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa.Super.2012).  Competent PCRA counsel must conduct an independent review of the record before a PCRA or appellate court can authorize counsel's withdrawal. ***Id.***  Further, "counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney." ***Id.***

hearing, the judge "shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed." Although the PCRA court recited Appellant's appeal rights in its notice of intent to dismiss, it failed to include notice of the appeal rights in the final order dismissing the petition. Further, the docket states that the court served the order dismissing the PCRA petition on Appellant by "First Class," not by the method required by Rule 907, "certified mail, return receipt requested."

Because the February 24, 2014 orders misstated what action was required from Appellant, and because the order dismissing the PCRA petition did not include a recitation of Appellant's appeal rights and was not properly served on Appellant, we find the PCRA court erred in denying the reinstatement PCRA petition. *See Commonwealth v. Panto*, 913 A.2d 292, 297 (Pa.Super.2006) (vacating judgment of sentence following summary appeal where court administrator failed to send appellant notice of court order of continuance and court dismissed appeal because appellant failed to appear); Pa.R.Crim.P. 114(B)(2) ("The clerk of courts shall serve the order or court notice, unless the president judge has promulgated a local rule designating service to be by the court or court administrator."); Pa.R.A.P. 108 ("in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of

entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties, . . .").

We reverse the order denying Appellant's "motion for reinstatement of appeal rights nunc pro tunc." The PCRA court is directed to order Appellant's counsel to file an amended PCRA petition within thirty (30) days of the date of this Memorandum.

Order reversed. Case remanded for proceedings consistent with this Memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/8/2015