J-S68009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYRONE MOYER, | |
| Appellant | No. 1066 EDA 2013 |

Appeal from the Judgment of Sentence Entered January 29, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001476-2013

BEFORE:  BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED DECEMBER 15, 2015**

Appellant, Tyrone Moyer, appeals from the judgment of sentence imposed after a municipal court found him guilty of driving under the influence of alcohol (DUI), 75 Pa.C.S. § 3802(a)(1), and the Philadelphia Court of Common Pleas quashed Appellant's appeal when he failed to appear for his trial *de novo*.  Herein, Appellant seeks to argue, *inter alia*, that the trial court erred by quashing his appeal where his failure to appear at the trial *de novo* was due to a misunderstanding about the date on which that proceeding was scheduled to occur.  Additionally, Appellant's counsel, Todd M. Mosser, Esq., seeks permission to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), as elucidated by our Supreme Court in ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and amended in ***Commonwealth v. Santiago***, 978

A.2d 349 (Pa. 2009). After independently reviewing the record, we are compelled to conclude that Appellant is entitled to a new trial *de novo*. Consequently, we vacate Appellant's judgment of sentence, remand for a new trial, and deny counsel's petition to withdraw.

On December 19, 2012, the municipal court found Appellant guilty of DUI, which was his first such offense. On February 1, 2013, Appellant filed a notice of appeal to the Philadelphia Court of Common Pleas. The trial court's docket indicates that on February 14, 2013, the Commonwealth filed a criminal information in accordance with Pa.R.Crim.P. 1010(A)(2).[1] The docket also has an entry, dated February 25, 2013, which simply states "Hearing Notice." However, no notice corresponding with that February date, or relating to Appellant's trial *de novo*, is contained in the certified record.

The docket then evinces that on March 22, 2013, the court issued an order granting the Commonwealth's motion to quash Appellant's appeal from the municipal court's decision. That order states, in pertinent part (and verbatim):

> Case Listed as MC Appeal. Defendant Failed to Appear (good service) Commonwealth 1010B Motion for Quash is GRANTED.

---

[1] That rule directs that when a defendant files a notice of appeal from a municipal court decision, "the attorney for the Commonwealth, upon receiving the notice of appeal, shall prepare an information and the matter shall thereafter be treated in the same manner as any other court case." Pa.R.Crim.P. 1010(A)(2).

> CP Case is Quashed. MC Sentence to Stand and those financials are reinstated.

Trial Court Order, 3/22/13.

On March 4, 2013, Appellant filed a *pro se* notice of appeal. Attached to that notice was a verified statement, in which Appellant declared, *inter alia*:

> 1. That on March 22, 2013 the Court of Common Pleas of Philadelphia Quashed my Notice of Appeal for failure to appear. I begged the courts [*sic*] indulgence in this matter. I entered a date or [*sic*] March 29, 2013 and thought that was the date I was supposed to appear.

Appellant's Notice of Appeal – Verified Statement, 4/4/13, at 2.

After Appellant filed his notice of appeal, Attorney Mosser entered his appearance on Appellant's behalf, and the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Mosser filed a Rule 1925(c)(4) statement of his intent to file an **Anders/McClendon** brief. The trial court did not issue a Rule 1925(a) opinion.

On May 20, 2015, this Court dismissed Appellant's appeal by *per curiam* order based on Appellant's failure to file a brief. However, on May 22, 2015, Attorney Mosser filed an application to reinstate the appeal, and he also submitted an **Anders** brief. This Court reinstated Appellant's appeal by order dated June 9, 2014, and Attorney Mosser thereafter adhered to this Court's directive to file a petition to withdraw to accompany his previously filed **Anders** brief. Appellant's appeal is now ripe for our review.

When counsel seeks to withdraw before this Court, we "must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous

- 4 -

issues overlooked by counsel." ***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Mosser's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support an appeal on Appellant's behalf, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. In a letter directed to Appellant, which Attorney Mosser attached to his petition to withdraw, Attorney Mosser states that he provided Appellant with a copy of his ***Anders*** brief, and he informs Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other non-frivolous issues he could pursue on appeal.

We begin by noting that,

> [t]he decision to grant a motion to quash a criminal information or indictment "is within the sound discretion of the trial judge and will be reversed on appeal only where there has been a clear abuse of discretion." ***Commonwealth v. Lebron***, 765 A.2d 293, 294 (Pa. Super. 2000). Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will. ***Lebron***, 765 A.2d at 294-295.

- 5 -

*Commonwealth v. Ripley*, 833 A.2d 155, 159 (Pa. Super. 2003).

Instantly, Attorney Mosser concludes that the trial court did not abuse its discretion in granting the Commonwealth's motion to quash Appellant's appeal from the municipal court's decision, as Appellant failed to appear at the trial *de novo*. As Attorney Mosser points out, Pennsylvania Rule of Criminal Procedure 1010 states that if a "defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge." Pa.R.Crim.P. 1010(B). Counsel states that here, "[i]t was clear from the record that [Appellant] had been served and was provided adequate notice of the trial date. The lack of evidence explaining his absence provided the Common Pleas court with proper cause to grant the Motion to Quash, dismiss the trial *de novo* and reinstate the sentence and financial obligations ordered by the Municipal Court." *Anders* Brief at 9-10.

Initially, we agree with Attorney Mosser that the record supports a conclusion that Appellant was *served* with notice of his trial *de novo*, based on the above-quoted portion of Appellant's verified statement attached to his notice of appeal, as well as the court's March 22, 2013 order indicating 'good service' was achieved. However, Appellant's verified statement does not demonstrate that that notice informed him of the *correct date* of that proceeding; indeed, his statement could be read as suggesting that the

notice stated the trial was set to occur on March 29, 2013, rather than March 22, 2013. ***See*** Appellant's Notice of Appeal – Verified Statement, 4/4/13, at 2 ("I entered a date or [*sic*] March 29, 2013 and thought that was the date I was supposed to appear.").

Moreover, as noted *supra*, the certified record does not contain a copy of the actual notice sent to Appellant; as such, we are unable to ensure that the notice contained the correct trial date. Pennsylvania Rule of Criminal Procedure 114 mandates:

> **(A) Filing**
>
> (1) All orders and court notices promptly shall be transmitted to the clerk of courts' office for filing. Upon receipt in the clerk of courts' office, **the order or court notice promptly shall be time stamped with the date of receipt.**
>
> (2) **All orders and court notices promptly shall be placed in the criminal case file.**

Pa.R.Crim.P. 114(A) (emphasis added).

Again, contrary to the clear dictates of this rule, the Philadelphia County Clerk of Courts apparently did not place a copy of the notice provided to Appellant in the criminal case file, as it is not contained in the certified record.[2] Therefore, even if we accepted Appellant was properly *served* with notice of the trial *de novo*, we are unable to confirm that that notice

---

[2] Curiously, the record does include four 'Notices of Trial' informing Appellant of the dates scheduled for his trial before the municipal court. Each of those notices was signed by Appellant indicating his receipt. However, no such notice regarding Appellant's trial *de novo* appears in the record.

accurately informed Appellant of the *date on which* that trial was scheduled to occur. Our inability to verify the accuracy of the notice is not the fault of Appellant; it is due to an error by the Philadelphia County Clerk of Courts. Therefore, we conclude that Appellant's failure to appear at the trial *de novo* cannot be the basis for the trial court's granting of the Commonwealth's motion to quash, where the Clerk of Court's clear violation of Rule 114(A) precludes us from verifying that Appellant was properly notified of the date of that proceeding.

We note that this Court's rationale in **Commonwealth v. Panto**, 913 A.2d 292 (Pa. Super. 2006), supports our decision herein. There, Panto failed to appear at a trial *de novo* and the court of common pleas dismissed her appeal and reinstated the judgment from the municipal court. On appeal, Panto argued that she was not properly served with notice that her trial *de novo* had been continued, as required by Rule 114(B). **Id.** at 296. We agreed, emphasizing that the record failed "to show compliance with Rule 114's mandatory ("shall") service of the order of the court upon an unrepresented party/Appellant by 'certified, registered, or first class mail.'" **Id.** (citing Rule 114 (B)(3)(a)(v)). We ultimately concluded in **Panto** that "[b]ecause service was not made in compliance with Rule 114, it was improper." **Id.** at 297. Accordingly, we held "that the facts and law warrant a vacation of the judgment of sentence to comply with the service mandate of Rule 114, which calls for notice of the order granting the continuance of the trial *de novo* by certified, registered, or first-class mail." **Id.**

Here, the language of Rule 114(A) contains the same mandatory language as that found in the service requirements of Rule 114(B). Because the Clerk of Courts failed to comply with Rule 114's requirement that a copy of the notice be placed in the certified record, we are unable to ensure that the notice served upon Appellant properly informed him of the date of his trial *de novo*. Consequently, the notice of the trial *de novo* was improper, and we are compelled to vacate Appellant's judgment of sentence. We remand for a new trial *de novo*, to be conducted after proper notice is served upon Appellant and placed in the certified record. In light of this disposition, we deny Attorney Mosser's petition to withdraw.[3]

Judgment of sentence vacated. Case remanded for further proceedings. Petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/15/2015

_____

[3] We acknowledge that normally, where counsel is seeking to withdraw but we conclude that there is an issue of arguable merit, we deny counsel's petition and direct him/her to file an advocate's brief on the client's behalf. However, here, we decline to prolong this case by directing Attorney Mosser to file an advocate's brief, where it clear on the face of the record that the Clerk of Court's failed to adhere to Rule 114(A), and a new trial *de novo* is warranted.