J-S42029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REGINALD PEARSON | |
| Appellant | No. 1622 WDA 2015 |

Appeal from the Order Entered September 15, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-SA-0001359-2015

BEFORE:  SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 09, 2016**

Reginald Pearson appeals *pro se* from the order entered September 15, 2015, in the Allegheny County Court of Common Pleas dismissing his summary appeal due to his absence at the trial court hearing.  For the reasons that follow, we affirm the trial court's order.

On January 26, 2015, Pearson was cited for driving while his operating privilege was suspended or revoked.[1]  He was found guilty after he failed to appear at the magisterial district court on May 28, 2015.  Pearson filed a summary appeal on June 25, 2015, at which time he was notified his appeal would be heard before the trial court on September 15, 2015.  On the day of

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 1543(a).

the hearing, Pearson again failed to appear. Pursuant to Pennsylvania Rule of Criminal Procedure 462(D), the trial court dismissed the appeal, and ordered him to pay a fine of $200 plus costs. This timely appeal followed.[2]

Before we address the substantive claim on appeal, we note that the brief Pearson submitted to this Court has substantial defects.[3] Specifically, Pearson's brief does not contain any of the required sections listed in Pa.R.A.P. 2111, but rather resembles a letter which sets forth his argument. "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review a Court will not consider the merits thereof." ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 (Pa. Super. 1993). Here, although the defects in Pearson's brief are considerable we are still able to ascertain his argument on appeal. Therefore, we decline to quash this appeal.

_____

[2] The trial court did not enter an order directing the filing of a consice statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[3] As this Court explained in ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa. Super. 1996):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our supreme court has explained, "any layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing."

***Id.*** at 1013 (citation omitted).

When considering a trial court's decision to dismiss a summary appeal in which the defendant fails to appear before the court, our standard of review is limited to finding an abuse of discretion by the trial court. *Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013).

> Pursuant to the applicable Rules of Criminal Procedure, when a defendant appeals the entry of a conviction by an issuing authority in a summary proceeding, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury. Pa.R.Crim.P. 462(A). . . . And, the trial judge may dismiss the appeal and reinstate the judgment of the issuing authority when the defendant fails to appear at the scheduled trial *de novo*. Pa.R.Crim.P. 462(D).

*Commonwealth v. Panto*, 913 A.2d 292, 293-294 (Pa. Super. 2006).

However, this Court will reverse a trial court's dismissal of a summary appeal and remand for a trial *de novo* when:

> (1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary.

*Dixon*, *supra*, 66 A.3d at 797. *See Commonwealth v. Marizzaldi*, 814 A.2d 249, 252-253 (Pa. Super. 2002).

In *Dixon*, the defendant failed to appear before the trial court for the summary appeal hearing because he initially went to the wrong location. *Dixon*, *supra*, 66 A.3d at 796. After being told numerous incorrect directions, he returned home and missed the proceedings. *Id.* This Court

- 3 -

dismissed his appeal, reasoning that the "[a]ppellant was aware of the time, date, and location of the hearing. . . . but failed to report to the correct room." *Id.* at 798.

Here, Pearson contends he was in a treatment "program" at the time of the scheduled proceedings, which precluded his presence at the hearing. Pearson's Brief at 1. He further stated he "couldn't communicate with anyone outside the program due to [him] being on blackout when [he] first entered," and he "didn't miss [his] court dates on purpose." *Id.*

While Pearson does provide a plausible explanation for his absence from the hearing, he did not offer any proof to support his claim. Importantly, the record shows Pearson had knowledge of the date of his hearing and, without explanation, failed to seek a continuance. Moreover, he did not attach to his brief any documents demonstrating when his treatment began or why it led to his absence at the trial court. He also failed to include the requisite affidavit as set forth in *Dixon*. *See Dixon*, *supra*, 66 A.3d at 797.

Because we can find no abuse of discretion by the trial court, we affirm the trial court's order dismissing Pearson's summary appeal.

Order affirmed.

Judgment Entered.

- 4 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2016