J-A05012-23
J-A05013-23
J-A05014-23

2023 PA SUPER 60

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PATRICK HORAN | : | |
| Appellant | : | No. 2417 EDA 2022 |

Appeal from the PCRA Order Entered August 19, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002572-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PATRICK HORAN | : | |
| Appellant | : | No. 2418 EDA 2022 |

Appeal from the PCRA Order Entered August 19, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002868-2006

J-A05012-23
J-A05013-23
J-A05014-23

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                             :         PENNSYLVANIA
                             :
            v.               :
                             :
                             :
PATRICK HORAN                :
                             :
          Appellant          :  No. 2419 EDA 2022

Appeal from the PCRA Order Entered August 19, 2022
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002881-2006


BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

OPINION BY LAZARUS, J.:                      **FILED APRIL 5, 2023**

Patrick Horan appeals from the order, entered in the Court of Common Pleas of Northampton County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).  **See** 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm the order.[1]

This Court has previously summarized the factual and procedural history as follows:

> On May 16, 2007, as a result of two separate criminal incidents, [Horan] pled guilty[-]but[-]mentally[-]ill to aggravated indecent assault, criminal attempt to commit rape, aggravated assault, stalking, burglary, criminal attempt to commit burglary, criminal trespass, and loitering and prowling at night.  On August 13, 2007, the trial court sentenced [Horan] to consecutive, standard[-]range sentences totaling an aggregate term of incarceration of 39 years

---

[1] As discussed *infra*, Horan filed three separate notices of appeal from the PCRA court's order, one at each of the above-captioned dockets, in compliance with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  We have consolidated these appeals *sua sponte*.  **See** Pa.R.A.P. 513.

- 2 -

and ten months to 78 years and eight months. Moreover, based upon an assessment by the Sexual Offender Assessment Board, the trial court deemed [Horan] a sexually violent predator (SVP). This Court affirmed [Horan]'s judgment of sentence in an unpublished memorandum on March 15, 2012. *See Commonwealth v. Horan*, 947 A.3d 1245 (Pa. Super. 2012) (unpublished memorandum [decision]). [On September 27, 2013, o]ur Supreme Court denied further review. *See Commonwealth v. Horan*, 76 A.3d 539 (Pa. 2013) [(Table)].

On August 19, 2014, [Horan] filed a *pro se* PCRA petition alleging ineffective assistance of trial counsel. The PCRA court appointed counsel to represent [Horan]. On October 2, 2014, the PCRA court vacated the original plea and sentence and accepted "a negotiated, universal resolution that included a new guilty plea with a sentence bargain." Trial Court Opinion, 10/15/2021, at 5[.] More specifically, the PCRA court "accepted the negotiated resolution for the entry of a *nolo contendere*" plea and modified [Horan]'s aggregate sentence to 26 to 52 years of imprisonment pursuant to an agreement between [Horan] and the Commonwealth.

On August 15, 2018, [Horan] filed a subsequent PCRA petition. The PCRA court dismissed the petition as untimely and without exception to the PCRA time bar. We quashed the appeal by judgment order and [Horan] did not seek further review with our Supreme Court. *See Commonwealth v. Horan*, [217 A.3d 448 (Pa. Super. 2019) (unpublished memorandum decision).]

On April 16, 2020, [Horan] filed a civil petition for injunctive relief. [A]fter being transferred to the State Correctional Institution (SCI) at Camp Hill, [Horan] requested "he be transferred or housed in a different 'therapeutic environment' within" the Department of Corrections (DOC), asserting that [SCI] Camp Hill could not address his mental health needs. [*See*] Trial Court Opinion, 10/15/21, at 7. On April 23, 2020, the trial court dismissed [Horan]'s petition for lack of jurisdiction, because the trial court concluded that "original jurisdiction was with the Pennsylvania Commonwealth Court." *Id.* at 8. [Horan] thereafter filed an appeal with the Commonwealth Court.

On July 30, 2021, the Commonwealth Court issued an unpublished, *per curiam* [decision] remanding the case to the trial

court. [*See Horan v. Harry*, 260 A.3d 1107, at *3-4 (Pa. Cmwlth. Ct. 2021) (unpublished memorandum decision).]

\* \* \*

On August 31, 2021, [Horan] filed a petition to enforce a plea agreement at his criminal docket. . . . The DOC filed preliminary objections, asking that [Horan]'s petition be dismissed rather than transferred [to the Commonwealth Court.] The trial court scheduled a hearing on . . . September 2, 2021. Following the [] hearing, the trial court [transferred the petition for injunctive relief back to the Commonwealth Court.] Additionally, the trial court determined that the remainder of [Horan]'s August 13, 2021 filing, the petition to enforce a purported plea agreement, remained pending. As such, the trial court [treated the petition as a PCRA petition.]

On September 27, 2021, the trial court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. [The trial court subsequently dismissed Horan's petition and Horan appealed to this Court.]

*See Commonwealth v. Horan*, 284 A.3d 898 (Pa. Super. 2022) (unpublished memorandum decision) (some quotations and citations omitted).

On August 8, 2022, this Court determined that Horan's motion to enforce plea agreement was not a PCRA petition, but rather a filing that fell outside the ambit of the PCRA. *See id.* (citing *Commonwealth v. Kerns*, 220 A.3d 607, 611-13 (Pa. Super. 2019) (motions to enforce plea agreements are not within ambit of PCRA, but rather under contractual enforcement theory of specific enforcement)). Ultimately, this Court concluded that Horan's claims lacked merit and affirmed his judgment of sentence.[2] *Id.*

---

[2] On August 22, 2022, Horan filed an application for reargument in this Court, which was denied on October 12, 2022.

- 4 -

On July 19, 2022, while Horan's 2021 appeals of his motion to enforce plea agreement were pending,[3] Horan filed the instant PCRA petition. On August 19, 2022, the PCRA court dismissed Horan's instant petition as untimely.

On September 2, 2022, Horan filed timely notices of appeal and a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal at each of the above-captioned dockets. On November 14, 2022, this Court issued Rules to Show Cause at each docket as to why Horan's instant appeals should not be quashed. **See** Rule to Show Cause, 11/14/22, at 1; **see also Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (petitioners precluded from filing subsequent PCRA petitions while another PCRA petition pending on appeal). Horan filed a response, and this Court discharged the Rules to Show Cause and deferred the issue to the merits panel. **See** Order, 1/3/23, at 1.

Prior to addressing Horan's claims on appeal, we must first determine whether the PCRA court had jurisdiction to entertain Horan's serial PCRA petition. **See Commonwealth v. Rosario**, 615 A.2d 740, 742 (Pa. Super. 1992) (appellate review of any court order is jurisdictional question); **see also Commonwealth v. Ivy**, 146 A.3d 241, 255 (Pa. Super. 2016) (jurisdiction may be addressed by this Court *sua sponte*).

---

[3] These three appeals were docketed as Nos. 2363 EDA 2021, 2364 EDA 2021, and 2426 EDA 2021, respectively, and were addressed in **Commonwealth v. Horan**, 284 A.3d 898 (Pa. Super. 2022) (unpublished memorandum decision). We refer to them collectively as "Horan's 2021 appeals."

- 5 -

In **Lark**, our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **See Commonwealth v. Montgomery**, 181 A.3d 359, 363 (Pa. Super. 2018) (en banc). In essence, a PCRA court may not entertain a new PCRA petition when a prior petition is still under review. **Id.** at 365.

As stated above, Horan's 2021 appeals were pending at the time he filed the instant PCRA petition. Horan argues that the instant appeals should not be quashed because his 2021 appeals were not taken from an order denying PCRA relief, but rather from **the denial of a motion to enforce plea agreement**, which is outside the ambit of the PCRA. **See** Response, 11/30/22, at 1-2. Horan contends that this Court has expressly held that appeals from motions to enforce plea agreements invoke contractual theories and are not cognizable under the PCRA. **Id.** Therefore, Horan asserts that **Lark** and **Montgomery** are inapplicable because his motion to enforce plea agreement was **not** a PCRA petition. **Id.** (relying on **Horan**, **supra**; **Kerns**, **supra**).

Initially, we note that Horan is correct that this Court determined his motion to enforce plea agreement had been improperly dismissed under the PCRA by the trial court. Nevertheless, we are convinced that this determination holds no bearing under **Lark**, **Montgomery**, and their progeny. **See Montgomery**, **supra**; **see also Commonwealth v. Beatty**, 207 A.3d

957, 961 (Pa. Super. 2019) (Pennsylvania courts may not place serial petitions in abeyance pending outcome of appeal in same case, but rather are compelled to dismiss them).

While we are cognizant that Horan's motion to enforce plea agreement does not fall within the ambit of the PCRA, and, therefore, was not an outstanding PCRA petition pending direct appeal, *see Kerns*, *supra*, we find this distinction to be of no moment. *See Kerns*, 220 A.3d at 611 (stating petitions to enforce plea agreements are collateral petitions). Pennsylvania Rule of Appellate Procedure 1701 provides, in relevant part, as follows:

> **(a) General rule.--**Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasi[-]judicial order is sought, the trial court or other government unit **may no longer proceed in the matter further**.
>
> *       *       *
>
> **(c) Limited to matters in dispute.--**Where only a particular item, claim, or assessment adjudged in the matter is involved in an appeal, or in a petition for review proceeding relating to a quasi[-]judicial order, the appeal or petition for review proceeding shall operate to prevent the trial court or other government unit from proceeding further with only such item, claim, or assessment, unless otherwise ordered by the trial court or other government unit or by the appellate court or a judge thereof as necessary to preserve the rights of the appellant.

Pa.R.A.P. 1701(a), (c).

"Rule 1701(c) contains an exception permitting the [trial] court to proceed with the remaining matters before it when the appeal pertains to a collateral issue in the case, **but only if that collateral issue is unrelated to** and not intertwined with the **matters on which the trial court intends**

- 7 -

**to proceed**." **Commonwealth v. McClure**, 172 A.3d 668, 685 (Pa. Super. 2017) (emphasis added).

Here, Horan's 2021 appeals pertained specifically to his plea agreement, with particular focus on his guilty-but-mentally-ill plea. **See Commonwealth v. Horan**, 284 A.3d 898 (Pa. Super. 2022) (unpublished memorandum decision). Additionally, although ultimately waived on appeal, Horan **did challenge** his SVP designation and whether or not he was required to receive a mental health evaluation and treatment. **Id.** Thus, those claims were also pending before this Court at the time Horan filed the instant PCRA petition.

In the instant appeals before this Court, Horan has again challenged those exact same issues. **See** Appellant's Brief, at 3 (raising challenges to SVP designation, mental health evaluation, and guilty-but-mentally-ill plea). Therefore, Horan's instant PCRA and subsequent appeals were barred under **Montgomery** and Rule 1701(a), and, consequently, the PCRA court lacked jurisdiction to address Horan's PCRA petition. **See McClure**, **supra**; Pa.R.A.P. 1701(a), (c).

In summary, Horan was required to wait for the completion of his 2021 appeals before filing the instant PCRA petition. Because Horan did not wait, the PCRA court was required to dismiss Horan's petition without prejudice for him to refile those claims after his 2021 appeals had been completed.

Accordingly, under Pa.R.A.P. 1701(a) and **Montgomery**, we are compelled to affirm the dismissal of Horan's serial PCRA petition.[4]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/05/2023</u>

---

[4] We observe that the PCRA court dismissed Horan's instant PCRA petition as untimely under 42 Pa.C.S.A. § 9545(b)(i)-(iii), rather than under **Beatty**. Nevertheless, we may affirm the court's decision on any basis. **See Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa. Super. 2011) (en banc).