J-S17026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PATRICK HORAN | : | |
| Appellant | : | No. 1112 EDA 2024 |

Appeal from the PCRA Order Entered March 15, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002881-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PATRICK HORAN | : | |
| Appellant | : | No. 1116 EDA 2024 |

Appeal from the PCRA Order Entered March 15, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002572-2006

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| PATRICK HORAN | : | |
| Appellant | : | No. 1117 EDA 2024 |

Appeal from the PCRA Order Entered March 15, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002868-2006

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED AUGUST 25, 2025**

Patrick Horan appeals from the order dismissing his Post Conviction

Relief Act ("PCRA") petition as untimely. **See** 42 Pa.C.S.A. §§ 9541-9546. We

affirm.

This Court previously summarized the facts and procedural history as

follows:

> On May 16, 2007, as the result of two separate criminal incidents, [Horan] pled guilty but mentally ill [("GBMI")] to aggravated indecent assault, criminal attempt to commit rape, aggravated assault, stalking, burglary, criminal attempt to commit burglary, criminal trespass, and loitering and prowling at night. On August 31, 2007, the trial court sentenced [Horan] to consecutive, standard range sentences totaling an aggregate term of incarceration of 39 years and ten months to 78 years and eight months. Moreover, based upon an assessment by the Sexual Offender Assessment Board, the trial court deemed [Horan] a sexually violent predator (SVP). This Court affirmed [Horan's] judgment of sentence in an unpublished memorandum on March 15, 2012. **See Commonwealth v. Horan**, [47] A.3d 1245 (Pa.Super. 2012) (unpublished memorandum). Our Supreme Court denied further review. **See Commonwealth v. Horan**, 76 A.3d 539 (Pa. 2013).
>
> On August 19, 2014, [Horan] filed a *pro se* PCRA petition alleging ineffective assistance of trial counsel. The PCRA court appointed counsel to represent [Horan]. On October 2, 2014, the PCRA court vacated the original plea and sentence and accepted "a negotiated, universal resolution that included a new guilty plea with a sentence bargain." Trial Court Opinion, 10/15/2021, at 5, **see also** N.T., 10/2/2014, at 4-6. More specifically, the PCRA court "accepted the negotiated resolution for the entry of a *nolo contendere*" plea and modified [Horan's] aggregate sentence to 26 to 52 years of imprisonment pursuant to an agreement between [Horan] and the Commonwealth.

- 2 -

On August 15, 2018, [Horan] filed a subsequent PCRA petition. The PCRA court dismissed the petition as untimely and without exception to the PCRA time bar. We quashed the appeal by judgment order and [Horan] did not seek further review with our Supreme Court. *See Commonwealth v. Horan*, [No. 3504 EDA 2018,] 2019 WL 2323813 (Pa.Super. 2019) [(unpublished memorandum)].

On April 16, 2020, [Horan] filed a civil petition for injunctive relief. More specifically, after being transferred to the State Correctional Institution (SCI) at Camp Hill, [Horan] requested "he be transferred or housed in a different 'therapeutic environment' within" the Department of Corrections (DOC), asserting that Camp Hill could not address his mental health treatment needs. Trial Court Opinion, 10/15/2021, at 7. On April 23, 2020, the trial court dismissed [Horan's] petition for lack of jurisdiction, because the trial court concluded that "original jurisdiction was with the Pennsylvania Commonwealth Court." *Id.* at 8. [Horan] thereafter filed an appeal with the Commonwealth Court.

On July 30, 2021, the Commonwealth Court issued an unpublished, *per curiam* memorandum opinion, remanding the case to the trial court[.]

\*\*\*

On August 13, 2021, [Horan] filed a petition to enforce a plea agreement at his criminal docket. Trial Court Opinion, 10/15/2021, at 9-10. The DOC filed preliminary objections, asking that [Horan's] petition "be dismissed rather than transferred because (1) the [p]etition failed to state a claim upon which relief should be granted; and, (2) [t]he civil petition to enforce a plea agreement must be brought under a criminal docket number." *Id.* The trial court scheduled a hearing on the matter for September 2, 2021. Following the scheduled hearing, the trial court "entered an [o]rder transferring the [p]etition for [injunctive relief] back to the Commonwealth Court." *Id.* at 10. Additionally, the trial court determined that the remainder of [Horan's] August 13, 2021 filing, the "petition to enforce a purported plea agreement," remained pending. As such, the trial court "treated the petition as a claim encompassed by the PCRA." *Id.*

On September 27, 2021, the trial court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. *Id.* [The court subsequently dismissed the petition on October 15, 2021, and Horan appealed to this Court.]

*Commonwealth v. Horan*, 284 A.3d 898, 2022 WL 3149326, *1-*3 (Pa.Super. filed Aug. 8, 2022) (unpublished memorandum) (footnote omitted).

On appeal, this Court determined that Horan's petition to enforce the plea agreement was not a PCRA petition and therefore was not subject to the PCRA's timing requirements. *Id.* at *4. We nevertheless concluded that Horan's claim that he was entitled to mental health treatment in prison, as contemplated under the terms of the original plea agreement, was without merit. We explained that Horan

consented to the extinction of his original plea and its replacement with the terms of the new plea. Thus, we discern no error by the trial court in finding that [Horan's] original plea was replaced completely by his subsequent plea. Moreover, there is no evidence in the record that the Commonwealth, [Horan], or the trial court incorporated mental health treatment concerns into the terms of the new October 2, 2014 plea agreement. In fact, at the time of his October 2, 2014 plea, [Horan] specifically stated that he did not require mental health treatment, including either counseling or medication.

*Id.* at *7.

We further found that Horan waived his claim that he was entitled to have his SVP designation vacated on the ground that his 2014 judgment of sentence supplanted all aspects of his original 2007 sentence. *Id.* at *8. We

- 4 -

noted that Horan failed to raise the issue in the lower court and thus did not properly preserve this issue. ***Id.*** We therefore affirmed the court's order dismissing Horan's petition to enforce the plea agreement. ***Id.***

While Horan's appeal of the petition to enforce the plea agreement was pending, Horan filed a PCRA petition in July 2022. The PCRA court dismissed the petition as untimely. On appeal, this Court found that the PCRA court lacked jurisdiction to address the petition because Horan's appeal was pending at the time Horan filed the petition. ***Commonwealth v. Horan***, 294 A.3d 463, 467 (Pa.Super. 2023). We noted that because Horan did not wait for the completion of his appeal before filing the PCRA petition, the PCRA court was required to dismiss Horan's petition without prejudice for him to refile after his appeal had been completed. ***Id.***

Horan then filed the instant PCRA petition on July 21, 2023. Counsel was appointed and subsequently filed a ***Turner/Finley***[1] no-merit letter. In September 2023, the PCRA court issued a Rule 907 notice of intent to dismiss the petition without a hearing. ***See*** Pa.R.Crim.P. 907(1). Horan filed a *pro se* response to the court's Rule 907 notice of intent to dismiss. A hearing on the PCRA petition was held on January 25, 2024. Horan was represented by standby counsel at the hearing. N.T. PCRA Hearing, 1/25/24, at 4. On March 15, 2024, the PCRA court dismissed Horan's petition. Horan's counsel filed a motion to withdraw, which was granted on March 26, 2024. Horan filed a

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

timely *pro se* appeal to this Court on April 1, 2024. By order dated August 16, 2024, this Court directed the PCRA court to appoint counsel for Horan. ***See*** Order, 8/16/24. The PCRA court complied with our directive and appointed counsel on August 22, 2024. ***See*** PCRA Court Order, 8/22/24. Standby counsel entered his appearance on Horan's behalf in this Court on December 5, 2024.

Horan raises the following issues on appeal:

I.    Whether on March 15, 2024, the [c]ourt erred when it dismissed [Horan's] petition for Post-Conviction Relief by determining that the PCRA was untimely, which is a violation of [Horan's] Due Process rights under the 14th Amendment to the U.S. Constitution?

II.   Whether on March 15, 2024, the [c]ourt erred when it determined that [Horan] had waived his right to a second Mental Health Evaluation at the time of resentencing without proof thereof, which is a violation of [Horan's] Due Process rights under the 14th Amendment to the U.S. Constitution?

III.  Whether on March 15, 2024, the [c]ourt erred when it determined that [Horan] had waived his right to a second Sex [O]ffender Evaluation at the time of resentencing without proof thereof, which is a violation of [Horan's] Due Process rights under the 14th Amendment to the U.S. Constitution?

Horan's Appellate Brief at 3.

Our standard of review for the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error." ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa.Super. 2018).

We address Horan's issues together as they stem from the PCRA court's denial of his most recent PCRA petition. Horan argues his 2014 plea agreement did not completely replace his original plea that he entered in 2007. He notes that in 2007 he pled GBMI to all charges, except for attempted burglary, to which he pled *nolo contendere*. He asserts that his 2014 plea agreement did not alter his GBMI or *nolo contendere* pleas, but rather only reduced his term of incarceration. Horan's Brief in Support of PCRA, filed 7/21/23, at 1 (unpaginated); N.T. PCRA Hearing at 8-9. Horan maintains that from 2007 until October 2021, he received mental health treatment in prison and was housed in the mental health units due to his GBMI status. Horan's App. Br. at 5; N.T. PCRA Hearing at 10, 11. Horan argues that it was not until the court's decision on his petition to enforce plea the agreement in October 2021, in which the court determined that Horan's original sentence was vacated in its entirety, that he was no longer determined to be GBMI. Horan's Br. in Support of PCRA at 1 (unpaginated); N.T. PCRA Hearing at 11-12. Horan claims that the DOC then provided him with an updated summary of his sentence, which listed him as having pleaded *nolo contendere* to all charges, removed him from the mental health roster, and refused to provide him with mental health care. N.T. PCRA Hearing at 14.

Horan further argues that if his 2014 plea agreement fully replaced his 2007 plea agreement, as the court determined, he was entitled to new mental health and SVP evaluations at the time of his resentencing. He asserts that

his due process rights were violated when he did not receive these evaluations.

"To be entitled to PCRA relief, [the petitioner] must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S.[A.] § 9543(a)(2), and that the allegation of error has not been previously litigated or waived." **Commonwealth v. Mitchell**, 105 A.3d 1257, 1265-66 (Pa. 2014); **see also** 42 Pa.C.S.A. § 9543(a)(3) (stating that to be eligible for relief, the petitioner must plead and prove "the allegation of error has not been previously litigated or waived"). A claim is waived for the purposes of the PCRA when "the petitioner could have raised it but failed to do so before trial, at trial, . . . on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). "A PCRA [p]etitioner cannot obtain PCRA review of previously litigated claims decided adversely to him in his direct appeal simply by presenting those claims again in a PCRA [p]etition and setting forth new theories of relief in support thereof." **Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa.Super. 2000)

Here, as the PCRA court recognized, the claims that Horan raises on appeal have been previously addressed by this Court. In our August 22, 2022 memorandum, we determined that Horan's original plea was replaced completely by his subsequent plea. **Horan**, 2022 WL 3149326, at *7. We noted that there was no evidence that mental health treatment was incorporated into the terms of the 2014 plea agreement and Horan specifically stated at the 2014 plea hearing that he did not require mental health

treatment. *Id.* We further concluded that Horan waived his claim that he was entitled to a second SVP evaluation because he failed to preserve this claim. *Id.* at *8. Since the record indicates that the issues Horan has raised in this appeal were previously litigated or waived, Horan is not entitled to relief.

Even if Horan's issues were not previously litigated, his PCRA petition was untimely. Any petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date on which the judgment of sentence becomes final, unless the petitioner pleads and proves an exception to the one-year bar. 42 Pa.C.S.A. § 9545(b)(1). For purposes of the PCRA, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* at § 9545(b)(3).

Courts may consider a PCRA petition filed after the one-year deadline only if the petitioner pleads and proves at least one statutory exception:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Any petition attempting to invoke an exception "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).

Here, PCRA's petition is facially untimely. Horan attempts to invoke the unknown facts exception to the PCRA time-bar. To succeed in raising that exception, a petitioner must establish that: (1) "the facts upon which the claim is predicated were unknown" and (2) the facts "could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

Horan argues that the court's October 15, 2021 decision on the petition to enforce the plea agreement that he was no longer determined to be GBMI constituted an unknown fact pursuant to 42 Pa.C.S.A. § 9545(b)(1)(ii). Horan's Br. in Support of PCRA at 2 (unpaginated). He maintains that "[b]ased on [the court's] October 15, 2021 Order of Court, the DOC no longer consider[ed Horan] to be GBMI" and the October 15, 2021 order "retroactively negated [his] GBMI status[.]" *Id.* at 3 (unpaginated).

Horan's claim is without merit. Judicial decisions are not "facts" within the meaning of the exception to the PCRA's time-bar. *See Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020); *see also Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011) ("[S]ection 9545(b)(1)(ii) applies only if the petitioner has uncovered facts that could not have been ascertained through due diligence, and judicial determinations are not facts"). He thus failed to invoke the unknown facts exception to the PCRA time-bar.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>8/25/2025</u>